```
                    UNITED STATES BANKRUPTCY COURT
                  FOR THE SOUTHERN DISTRICT OF IOWA


IN RE:                          )
                                )   Chapter 7
MICHELE ANN CASE,               )
                                )   Bankruptcy No. 08-02219
     Debtor.                    )
_____  )
DAVID A. CASE, JR.,             )
                                )   Adversary No. 08-30115
     Plaintiff,                 )
                                )
vs.                             )
                                )
MICHELE ANN CASE,               )
                                )
     Defendant.                 )
```

**ORDER RE: MOTION FOR DEFAULT JUDGMENT;
ORDER QUASHING SERVICE**

Plaintiff David Case, pro se, filed a "Complaint to Revoke Discharge, 11 U.S.C. § 523(a)(5), (a)(15)" on September 19, 2008. A "Certification of Service" filed October 14, 2008 states that Mr. Case served the summons and complaint on Debtor/Defendant Michele Case in the following manner: "'served by hand' by the Creditor, David A. Case." Plaintiff David Case now moves for entry of default and default judgment, based on Debtor's failure to submit a motion or answer to the complaint.

Federal Rule of Bankruptcy Procedure 7004(a)(1) states that personal service of the summons and complaint "may be made by any person at least 18 years of age <u>who is not a party</u>." (emphasis added.) "Sewer service," or intentional failure to complete required service, is probably the major reason behind the Rule's exception which precludes parties from performing their own service. <u>In re Zip Print, Inc.</u>, 4 B.R. 674, 676 n.3 (Bankr. N.D. Ga. 1980) (considering former Rule 704).

Where a party to the action serves the summons and complaint, service is improper and an action could be dismissed without prejudice. <u>Speelman v. United States</u>, 461 F. Supp. 2d 71, 74 (D.D.C. 2006). If a defendant is improperly served, the court lacks jurisdiction over that defendant whether or not it had actual notice of the lawsuit. <u>Adams v. AlliedSignal Gen'l Aviation Avionics</u>, 74 F.3d 882, 885 (8th Cir. 1996). Additionally, defective service may constitute good cause

sufficient to set aside the entry of a default.  In re Couts, 188 B.R. 949, 953 (Bankr. E.D. Mich. 1995).  "The 'general rule' is that 'when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.'"  Dahl v. Kanawha Inv. Holding Co., 161 F.R.D. 673, 681 (N.D. Iowa 1995).

Service of Debtor/Defendant Michele Case in this proceeding was improper because Plaintiff David Case made the service himself.  If the Court granted Plaintiff's Motion for Default Judgment, Defendant would arguably have grounds to attack it based on defective service.  In these circumstances, rather than grant default judgment which could be vulnerable to attack, or dismiss the case for insufficient service, the Court will quash the service and give Plaintiff an opportunity to effect proper service of the summons and complaint on Debtor/Defendant Michele Case.

**WHEREFORE**, Plaintiff's Motion for Default Judgment is DENIED.

**FURTHER**, the Clerk's office is directed to reissue the Summons and Notice.

**FURTHER**, Plaintiff David Case may have Defendant Michele Case served with the new Summons and Notice utilizing a correct procedure pursuant to Rule 7004 on or before February 16, 2009.

DATED AND ENTERED: January 27, 2009

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE

2